UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

RICHARD MOYER,

    Plaintiff,

v.

WASCH RAINES, LLP, JENNA MANAGEMENT, INC., CYPRESS ISLAND APARTMENTS #2, INC., and VINNIE CATANIA,

    Defendants.
_____/

**COMPRAINT AND DEMAND FOR JURY TRIAL**
**<u>INJUNCTIVE RELIEF SOUGHT</u>**

Plaintiff Richard Moyer ("Plaintiff") sues Defendants Wasch Raines, LLP, , Cypress Island Apartments #2, Inc., Jenna Management, Inc., and Vinnie Catania (collectively, the "Defendants") for violations of 15 U.S.C §1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), and Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA").

**<u>JURISDICTION AND VENUE</u>**

1.     Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2.     Supplemental jurisdiction exists for the claims arising under FCCPA pursuant to 28 U.S.C. §1367.

3.     Venue in this District is proper because Plaintiff resides here, Defendants transacts business here, and the complained conduct of Defendants occurred here.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## PARTIES

4. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

5. Defendant Wasch Raines, LLP ("W-R") is a Florida limited liability partnership, with its principal place of business located in Boca Raton, Florida.

6. W-R engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

7. Defendant Cypress Island Apartments #2, Inc. ("Cypress") is a Florida corporation, with its principal place of business located in Pompano Beach, Florida.

8. Defendant Jenna Management, Inc. ("J-M") is a Florida corporation, with its principal place of business located in Myrtle Beach, South Carolina.

9. Defendant Vinnie Catania ("Catania") is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida

## DEMAND FOR JURY TRIAL

10. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

11. J-M is a property management company responsible for, *among other things*, the collection of maintenance assessments due to Cypress, a homeowner's association.

12. As such, J-M is a business entity engaged in the business of collecting consumer debts, and W-R regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

13. Catania is an employee and/or agent of J-M, whereby the Complained of conduct of J-M was performed by Catania within the scope of Catania's employment and/or agency.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

14. W-R is a debt collector hired by J-M to collect debts allegedly owed by Plaintiff to Cypress (the "Consumer Debt").

15. The Consumer Debt comprised of, *inter alia*, maintenance assessments that J-M, Catania, and Cypress knew Plaintiff had already paid. Simply put, the Consumer Debt had been paid by Plaintiff, Defendants just wanted Plaintiff to pay twice.

16. W-R is a business entity engaged in the business of soliciting consumer debts for collection.

17. W-R is a business entity engaged in the business of collecting consumer debts.

18. W-R regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

19. On or about December 18, 2019, W-R sent a letter to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt from Plaintiff. A copy of the Collection Letter is attached hereto as Exhibit "A."

20. The Consumer Debt is an obligation allegedly had by Plaintiff to pay money arising from a transaction between Plaintiff and Cypress for maintenance of property owed by Plaintiff (the "Subject Service").

21. The Subject Service was primarily for personal and household purposes.

22. The Collection Letter represents an action to collect a debt by W-R.

23. The Collection Letter is a communication from W-R to Plaintiff in connection with the collection of a debt.

24. The Collection Letter represents W-R's initial communication with Plaintiff in connection with the collection of the Consumer Debt.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

25. W-R states in the Collection Letter: "Please be advised that the undersigned law firm, Wasch Raines, LLP, a debt collector, represents Cypress Island Apartments #2, Inc., a creditor." Collection Letter.

26. The Collection Letter utilizes W-R's law firm letterhead, of states "ATTORNEYS AT LAW" immediately under the "WASCH | RAINES" caption. Collection Letter.

27. W-R states in the Collection Letter:

> RE:   Our File: CI-05 Account: Richard Moyer owed to Cypress Island Apartment #2. Inc. (Creditor). **Amounts past due and owing: #1,260.30 through December 31,2019 or $1,697.30 through January 15, 2020**.

Collection Letter at 1(emphasis original).

28. W-R states in the Collection Letter:

> Please pay by money order or certified check the sum of **$1,260.30** payable to 'WASCH RAINES, LLP' on or before December 31, 2019, to the undersigned law firm, Wasch Raines, LLP, a debt collector, at 2500 N. Military Trail, Suite 100, Boca Raton, Florida 33431. Please pay by money order or certified check the sum of **$1,697.30** payable to 'WASCH RAINES, LLP' on or before January 15, 2020, to the undersigned law firm, Wasch Raines, LLP, a debt collector, at 2500 N. Military Trail, Suite 100, Boca Raton, Florida 33431.

Collection Letter at 2 (emphasis original).

29. W-R did not exercise any professional judgment, as an attorney, before mailing the Collection Letter to Plaintiff.

30. W-R did not conduct a meaningful review of Plaintiff's file prior to sending the Collection Letter to Plaintiff.

31. W-R did not send the Collection Letter to Plaintiff as an attorney.

32. W-R sent the Collection Letter to Plaintiff as a debt collector.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

33.     W-R states in the Collection Letter: "**NOTICE**: This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector." Collection Letter.

## COUNT 1
## VIOLATION OF 15 U.S.C. § 1692g(b) & § 1692e
(*against Defendant W-R*)

34.     Plaintiff incorporates by reference paragraphs 1-33 of this Complaint as though fully stated herein.

35.     As stated above, the Collection Letter represents W-R's initial communication with Plaintiff in connection with the collection of the Consumer Debt. In the Collection Letter, W-R attempts to provide Plaintiff with, among other things, the disclosures required by § 1692g(a)(3)-(5) of the FDCPA. The Collection Letter, however, wrongfully overshadows the rights enjoyed by the least sophisticated consumer pursuant to § 1692g(a)(3)-(5) of the FDCPA.

36.     The Collection Letter explicitly proffers two payment deadlines to the least sophisticated consumer. *See* Collection Letter (demanding that the least sophisticated consumer either pay "**$1,260.30** … to 'WASCH RAINES, LLP' on or before December 31, 2019…," or pay "**$1,697.30** … to 'WASCH RAINES, LLP' on or before January 15, 2020."). The date listed on the Collection Letter, however, is December 18, 2019.

37.     Even assuming the Collection Letter was *received* on December 18, 2019 (of which Plaintiff does not concede, as Plaintiff receive the letter on a much latter date), such renders the payment deadline of December 31, 2019, woefully short of the 30-day dispute period afforded to the least sophisticated consumer.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

38. As such, by and through the Collection Letter, Defendant violated 15 U.S.C. § 1692g(b) and § 1692e by wrongfully overshadowing and otherwise unlawfully misrepresenting the dispute rights enjoyed by the least sophisticated consumer under 15 U.S.C. § 1692g(a)(3)-(5).

39. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant W-R, awarding Plaintiff the following relief:

    (a) Statutory damages as provided by 15 U.S.C. § 1692k;

    (b) Costs and reasonable attorneys' fees as provided by 15 U.S.C. § 1692k; and

    (c) Any other relief that this Court deems appropriate and just under the circumstances.

### COUNT 2
### VIOLATION OF 15 U.S.C. § 1692e(2)(A) & (B)
(*against Defendant W-R)*

40. Plaintiff incorporates by reference paragraphs 1-33 of this Complaint as though fully stated herein.

41. In the Collection Letter, W-R attempts to collect, among other things, monthly maintenance assessments that Plaintiff had already paid. Further, the Collection Letter seeks to assess "attorneys' fees" in the amount of $300. Simply put, not only does the Collection Letter unlawfully misrepresent the amount *actually* owed by Plaintiff, the Collection Letter further misrepresents the amount of compensation which W-R may lawfully collect from Plaintiff. Here, W-R does not possess any statutory or contractual right to collect attorneys' fees from Plaintiff, let alone collect a debt that does not exist. as any entitlement to fees which W-R *may* be entitled otherwise arises from the lawful collection of an unpaid debt.

42. As such, by and through the Collection Letter, Defendant violates § 1692e(2)(A) by falsely representing that the least sophisticated consumer owed an amount *far in excess* of what was truly owed, as well as § 1692e(2)(B) by false representing that it (W-R) could have lawfully

PAGE | **6** of **11**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

received $300 worth of "attorneys fees" from the least sophisticated consumer as part of the Consumer Debt.

43.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant W-R, awarding Plaintiff the following relief:

    (a)     Statutory damages as provided by 15 U.S.C. § 1692k;

    (b)     Costs and reasonable attorneys' fees as provided by 15 U.S.C. § 1692k; and

    (c)     Any other relief that this Court deems appropriate and just under the circumstances.

### COUNT 3
### VIOLATION OF 15 U.S.C. § 1692e(3)
(*against Defendant W-R*)

44.     Plaintiff incorporates by reference paragraphs 1-33 of this Complaint as though fully stated herein.

45.     W-R sent the Collection Letter to Plaintiff using its law firm letterhead, but in so doing, W-R did not exercise any professional judgment, as an attorney, before sending the Collection Letter to Plaintiff, nor did W-R otherwise conduct a meaningful review of Plaintiff's file prior to mailing the Collection Letter to Plaintiff.

46.     The Collection Letter's use of law firm letterhead falsely represents and/or implies that the Collection Letter was a communication from an attorney. *See* Boyd v. Wexler, 275 F.3d 642, 647 (7th Cir. 2001) (finding that although the collection attorney's affidavit stated that he reviewed every file before a [collection letter] was sent, the mere volume of that undertaking (tens of thousands in some weeks, hundreds of thousands of dunning letters a year) was sufficient to permit a reasonable jury to conclude that "the defendant violated the FDCPA by rubber stamping his clients' demands for payment, thus misrepresenting to the recipients of his dunning letters that

PAGE | **7** of **11**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

a lawyer had made a minimally responsible determination that there was probable cause to believe that the recipient actually owed the amount claimed by the creditor.").

47. As such, W-R violated § 1692e(3) of the FDCPA, by and through the Collection Letter, by falsely representing and/or imply to the least sophisticated consumer that the Collection Letter was a communication from an attorney.

48. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant W-R, awarding Plaintiff the following relief:

    (a) Statutory damages as provided by 15 U.S.C. § 1692k;

    (b) Costs and reasonable attorneys' fees as provided by 15 U.S.C. § 1692k; and

    (c) Any other relief that this Court deems appropriate and just under the circumstances.

## COUNT 4
## VIOLATION OF FLA. STAT. § 559.72(11)
(*against Defendant W-R and Defendant Cypress*)

49. Plaintiff incorporates by reference paragraphs 1-33 of this Complaint as though fully stated herein.

50. W-R violated Fla. Stat. § 559.72(11) communicating with Plaintiff under the guise of an attorney by utilizing the stationery of an attorney, *to wit*, the Collection Letter, in an attempt to deceptively collect the Consumer Debt from Plaintiff.

51. For example, W-R, by and through the Collection Letter, wrongfully causes the least sophisticated consumer to believe meaningful and adequate scrutiny of the consumer's file occurred before the Collection Letter was mailed. Had this occurred, perhaps W-R would *not* have attempted to collect a debt that had already been paid by Plaintiff. Nevertheless, the Collection Letter causes the least sophisticated consumer to wrongfully believe that he or she received a letter from an attorney. As mentioned above, however, Defendant did not exercise any professional

judgment as an attorney or conduct any meaningful review of Plaintiff's file as an attorney prior to mailing the Collection Letter. Simply put, the Collection Letter was mailed to Plaintiff by W-R in W-R's capacity as a debt collector – not an attorney.

52. In so doing, W-R acted with apparent authority in attempting to collect the Consumer Debt on Cypress' behalf. W-R sought to collect the Consumer Debt from Plaintiff because W-R had contracted with Cypress' for the provision of such services. Cypress' purposely provided Defendant-DC with the information to collect the Consumer Debt from Plaintiff. Here, W-R's violation of § 559.72(11) is the result of W-R's acts and/or omissions, whereby such acts and/or omission occurred within the scope and course of the agency relationship between W-R and Cypress, and as a result, Cypress is vicariously liable for such FCCPA violation. As such, by and though the Collection Letter, W-R and Cypress violated § 559.72(11) of the FCCPA.

53. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendants W-R and Cypress, awarding Plaintiff the following relief:

    (a) Statutory and actual damages as provided under Fla. Stat. §559.77(2);

    (b) An injunction prohibiting W-R from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA;

    (c) Costs and reasonable attorneys' fees pursuant to Fla. Stat. §559.77(2); and

    (d) Any other relief that this Court deems appropriate under the circumstances.

### COUNT 5
### VIOLATION OF FLA. STAT. § 559.72(5)
(*against Defendant J-M and Defendant Catania*)

54. Plaintiff incorporates by reference paragraphs 1-33 of this Complaint as though fully stated herein.

55. Despite knowing that it did not have any statutory or contractual right to attempt to collect the Consumer Debt from Plaintiff, J-M, by and through Catania, contacted W-R to collect,

or attempt to collect, the Consumer Debt from Plaintiff – and in so doing – J-M disclosed to W-R *false* information about Plaintiff and/or information that W-R had no *legitimate* business need for, the likes of which affected the reputation of Plaintiff.

56. For example, J-M (by and through Catania) disclosed to W-R, *among other things*: [1] the existence of the Consumer Debt; [2] that the Consumer Debt was owed to Cypress by Plaintiff; and [3] that Plaintiff did not pay the Consumer Debt and/or Plaintiff defaulted on the debt. Such disclosures affected Plaintiff's reputation. For example, the disclosure affected Plaintiff's reputation regarding the repayment of debts, Plaintiff's reputation of truthfulness, Plaintiff's reputation of solvency, and Plaintiff's reputation regarding trustworthiness.

57. Catania acted with the apparent authority of J-M when Catania disclosed false information about Plaintiff to W-R and/or disclosed to W-R information about Plaintiff that W-R did not have *any legitimate* business need for. Catania purposely provided J-M with the information, *albeit* false, needed to attempt collect the Consumer Debt from Plaintiff.

58. Simply put, J-M's violation of § 559.72(5) is the result of Catania acts and/or omissions, whereby such acts and/or omission occurred within the scope and course of the agency relationship between Catania and J-M, and as a result, Catania is vicariously liable for the same.

59. As such, W-R and Catania violated § 559.72(5) of the FCCPA.

60. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendants Catania and J-M, awarding Plaintiff the following relief:

    (a)    Statutory and actual damages as provided under Fla. Stat. §559.77(2);

    (b)    An injunction prohibiting Catania and J-M from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA;

    (c)    Costs and reasonable attorneys' fees pursuant to Fla. Stat. §559.77(2); and

    (d)    Any other relief that this Court deems appropriate under the circumstances.

DATED: March 23, 2020

                                                        Respectfully Submitted,

                                                        /s/ Jibrael S. Hindi
                                                      **JIBRAEL S. HINDI, ESQ.**
                                                      Florida Bar No.: 118259
                                                      E-mail:   jibrael@jibraellaw.com
                                                      **THOMAS J. PATTI, ESQ.**
                                                      Florida Bar No.: 118377
                                                     E-mail:   tom@jibraellaw.com
                                                      The Law Offices of Jibrael S. Hindi
                                                      110 SE 6th Street, Suite 1744
                                                      Fort Lauderdale, Florida 33301
                                                      Phone:     954-907-1136
                                                      Fax:        855-529-9540

                                                      *COUNSEL FOR PLAINTIFF*